# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez' Motion to Continue the January 29, 2018 Trial Setting, filed January 25, 2018 (Doc. 1707)("Motion"). The Court held hearings on January 26, and January 29, 2018. See Transcript of Trial Proceedings at 9:7-25; id. at 9:7-44:2 (taken January 29, 2019), filed February 28, 2019 (Doc. 2548)("Jan. 29 Tr."). The primary issue is whether the Court should grant a continuance to the Defendants because of the Plaintiff United States of America's extensive, voluminous disclosures in the days and weeks leading up to trial. The Court denies the Motion, because the recently disclosed information is likely not material, the incarcerated cooperators will continue to produce discoverable information, and the parties, witnesses, and potential jurors have made extensive preparations for the upcoming trial.

## FACTUAL BACKGROUND

The Defendants filed the Amended Sealed Notice of Recent Government Productions, filed January 4, 2018 (Doc. 1605)("Notice"), to "give[] notice" to the Court about the United States' discovery disclosures in the weeks preceding trial. Notice at 1. The Defendants note that they have received roughly 10,000 pdf documents and over 15,000 hours of jail call recordings. See Notice at 2. They assert that the "volume of information in these productions, and the lateness of these productions prohibit defendants and respective counsel from fully analyzing and reviewing this information prior to trial." Notice at 2. On January 12, 2018, the United States produced an additional 6,683 pages of discovery before the January 15, 2018, Jencks Act deadline set by the Court. See Motion at 2. The United States also continued to produce telephone calls in the days leading up to trial, see Motion at 2, and notified the defendants on January 17, 2018, that it would produce even more telephone calls on January 23 or 24, 2018, see Motion at 3. The Defendants

say, "it is likely that defense counsel will be receiving government productions on the day the trial is scheduled to start or during jury selection." Motion at 3.

## PROCEDURAL BACKGROUND

In its Fourth Scheduling Order, filed July 7, 2017 (Doc. 1205), the Court set Jury Trial for Counts 6 through 12 for January 29, 2018. See Fourth Scheduling Order at 2. This was the case's fourth trial date. It initially was set for trial on October 4, 2016. See Scheduling Order, filed January 22, 2016 (Doc. 250). On November 4, 2016, the Court rescheduled the trial's date to March 6, 2017. See Second Scheduling Order at 1, filed November 4, 2016 (Doc. 759). Soon after, the Court granted the parties' joint request to extend all deadlines by four months. See Third Scheduling Order at 1, filed December 2, 2016 (Doc. 790). In the Fourth Scheduling Order, the Court ordered that

> the United States shall continually make available discovery on an ongoing basis, and make available to the defendants by the time required by the applicable law all material for which disclosure is mandated by Giglio v. United States, 405 U.S. 150 (1972)["Giglio"] and the Jencks Act, 18 U.S.C. § 3500, unless disclosure is otherwise required herein.

Fourth Scheduling Order at 3.

### 1.    The Motion.

Baca, Sanchez, Herrera, and Perez filed the Motion on January 25, 2018, and asked the Court to continue the trial set to begin on January 29, 2018. See Motion at 1. The Defendants state that the United States produced "massive amounts of written and audio discovery" whose lateness "prejudiced" them. Motion at 1. They also argue that the United States' Jencks Act production is "wholly deficient and incomplete," and assert that the United States has continued to produce audio calls after the Court's deadline for Jencks material has passed. Motion at 2. The Defendants then note that the United States intends to produce, in the days leading up to trial, even

more "phone calls and documents." Motion at 3. In light of this expected production, the Defendants argue that "it is impossible and unreasonable . . . to obtain discovery from the government -- less than two (2) weeks before trial -- and have the ability to review it, analyze it, include it in defendant's exhibit list, review it with defense witnesses, provide it to the Court for the JERS[1] system." Motion at 3.

The Defendants argue that they need an opportunity to review the newly produced discovery. See Motion at 3. They argue that the late disclosure "prejudices" them, Motion at 4, and that, if a continuance is not granted, counsel "cannot provide effective assistance of counsel," Motion at 4. They argue that Brady v. United States, 397 U.S. 742 (1970), material must be disclosed "in time for a defendant to make meaningful use of it." Motion at 5 (citing United States v. Warhop, 732 F.2d 775, 777 (10th Cir. 1984)). Untimely disclosures, the Defendants say, may violate due process if they can show prejudice. See Motion at 5 (citing United States v. Burke, 571 F.3d 1048, 1055 (10th Cir. 2009)).

The Defendants also argue that rule 16(d)(2) of the Federal Rules of Criminal Procedure allows a court to impose sanctions on parties who fail to fulfill their discovery obligations. See Motion at 5. The rule states that continuances are an available sanction. See Fed. R. Crim. P. 16(d)(2)(B). The Defendants note that to determine the appropriate sanction, courts must weigh: (i) the reasons for the delay; (ii) the extent of prejudice because of the delay; and (iii) the feasibility of curing the prejudice with a continuance. See Motion at 6 (citing United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999)). The Defendants then state that courts grant continuances when

---

[1]"JERS" refers to the Jury Evidence Recording System, which electronically captures evidence during a hearing or trial to allow a jury to view the evidence on a monitor in the jury deliberation room.

there is a problem in gathering evidence and that convictions may be reversed if the Defendants are not given adequate time to prepare a defense.  See Motion at 6.

Finally, the Defendants note that the Speedy Trial Act, 18 U.S.C. § 3161, requires judges to consider "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," Motion at 6 (citing 18 U.S.C. § 3161(h)(7)(B)(i)), and "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself," Motion at 6 (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).  They argue that their need for a continuance outweighs the public's best interests in a speedy trial.  See Motion at 6.  They say that they have diligently reviewed "over 50,000 pages of discovery," but need more time to review the rest of the information which the United States has just produced.  Motion at 7.  The United States did not file a response to the Motion.

    **2.**        **The January 26, 2018, Hearing**.

The Court held a hearing on pre-trial motions on January 26, 2018.   See Transcript of Motion to Suppress and James Hearing Proceedings, Jan. 26 Tr. at 2:4-6 (Court)("Jan. 26 Tr."). The Court did not discuss the Motion, see Jan. 26 Tr. at 9:7-9 (Court), but discussed related discovery issues, see Jan. 26 Tr. at 114:8-22, 118:14-23 (Bhalla); id. at 256:6-272:24 (Lowry, Court, Armijo, Beck, Villa).  Baca discussed his Motion to Strike Cooperating Witnesses From Testifying in this Case & Request for Evidentiary Hearing, filed January 25, 2018 (Doc. 1701), and argued that, "on the eve of trial," the Defendants "have to do a massive investigatory effort to look at [recently produced material] and follow up on it."  Jan. 26 Tr. at 264:21-24 (Lowry).  Baca said that the United States believed that the calls were "all hogwash" and "all lies," but that the

Defendants need to investigate what they find in the calls.  Jan. 26 Tr. at 265:25-266:1 (Lowry); id. at 266:3-22 (Lowry).

### 3.  **The January 29, 2018, Hearing.**

The Court held a hearing on the Motion and other pre-trial motions on January 29, 2018. See Jan. 29 Tr. at 7:3 (Court).  The Court first stated that it was inclined to deny the Motion, because the United States would not use any information from the just-produced telephone calls in its case in chief, and because the calls could be helpful only to the Defendants as impeachment material.  See Jan. 29 Tr. at 9:15-19 (Court).  Further, the Court did not see how granting the Motion would significantly help the Defendants' discovery material review, because inmates would continue to make recorded calls from prison, and the United States would continue to turn these calls over to the Defendants.  See Jan. 29 Tr. at 9:20-22 (Court).

## LAW REGARDING CONTINUANCES UNDER RULE 16(d)(2)

Rule 16(d)(2) "gives the district court broad discretion in imposing sanctions on a party who fails to comply with" rule 16.  United States v. Wicker, 848 F.2d 1059, 1060 (10th Cir. 1988).

> **(2)**    **Failure to Comply.**  If a party fails to comply with this rule, the court may:
>
> > **(A)**    order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> >
> > **(B)**    grant a continuance;
> >
> > **(C)**    prohibit that party from introducing the undisclosed evidence; or
> >
> > **(D)**    enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).  The United States Court of Appeals for the Tenth Circuit will not overturn a decision to apply sanctions absent abuse of discretion.  See United States v. Wicker, 848 F.2d 1059 (10th Cir. 1988).  In selecting appropriate sanctions, courts "should typically

consider: (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance." United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999)(quoting United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999)). "Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." See United States v. Charley, 189 F.3d at 1262. In United States v. Golyansky, 291 F.3d 1245 (10th Cir. 2002), the Tenth Circuit noted that a "court should impose the least severe sanction" in the absence of bad faith. 291 F.3d at 1250. Further, "to support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case." United States v. Golyansky, 291 F.3d at 1250. United States v. Martinez, 455 F.3d 1127 (10th Cir. 2006) states that "Rule 16 and our cases specifically mention continuance or exclusion of the evidence as preferred remedies." United States v. Martinez, 455 F.3d at 1131.

## LAW REGARDING CONTINUANCES UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161

"The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)). The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)). The Speedy Trial Act excludes from this seventy-day period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  See United States v. Larson, 627 F.3d 1198, 1203 (10th Cir. 2010).

Courts are instructed to consider specific factors when determining whether to grant a continuance, and thereby suspend the Speedy Trial Act's deadlines, under section (A) of 18 U.S.C. § 3161(h)(7).  See 18 U.S.C. § 3161(h)(7)(B).  Section 3161(h)(7)(B) sets forth the factors a court should consider when deciding whether to grant a continuance:

> **(i)**      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> **(ii)**      Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> **(iii)**      Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> **(iv)**      Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The Supreme Court of the United States of America, in United States v. Zedner, 547 U.S. 489 (2006), held that, when a district court makes no findings on the record to support a § 3161(h)(7) continuance, harmless-error review is not appropriate.  See 547 U.S. at 506-07.  In United States v. Williams, 511 F.3d 1044 (10th Cir. 2007), the Tenth Circuit held that "the Act does not allow a district court to retroactively grant an ends-of-justice continuance.  'Congress

intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.'" 511 F.3d at 1055 (quoting United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1989)).

The ends-of-justice exclusion is "meant to be a rarely used tool for those cases demanding more flexible treatment." United States v. Larson, 627 F.3d 1198, 1203 (10th Cir. 2010)(quoting United States v. Toombs, 574 F.3d 1262, 1270 (10th Cir. 2009)). These ends-of justice continuances "should not be granted cavalierly." United States v. Williams, 511 F.3d 1044, 1049 (10th Cir. 2007). In granting an ends-of-justice continuance, a district court must make explicit findings showing why the continuance is necessary. "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." United States v. Christy, 785 F. Supp. 2d 990, 995 (D.N.M. 2011)(Browning, J.)(quoting United States v. Toombs, 574 F.3d at 1271-72). See also United States v. Hernandez-Mejia, 406 F. App'x 330, 336 (10th Cir. 2011)(unpublished).[2] The Tenth Circuit has explained:

> This court has interpreted strictly the requirements of § 3161(h)(7)(A) and (B). We have held (1) that to satisfy the requirements of § 3161(h)(7)(A), the district court must make explicit oral or written on-the-record findings explaining the reasons why a trial continuance is necessary, unless the facts supporting the continuance "are obvious and set forth in the motion for the continuance itself,"

---

[2]United States v. Hernandez-Mejia is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated that,

> in this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that United States v. Hernandez-Mejia has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

> United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir. 1993)(internal quotation marks omitted); (2) that "the record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted," [United States v.] Toombs, 574 F.3d [1262,] 1269 [(10th Cir. 2009)]; (3) that "it must be clear from the record that the trial court struck the proper balance when it granted the continuance," United States v. Williams, 511 F.3d 1044, 1056 (10th Cir. 2007)(alteration and internal quotation marks omitted); and (4) that although adequate trial-preparation time is a permissible reason for granting a continuance and tolling the Act, "such a reason must be supported by the information and evidence presented to the district court," United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998).

United States v. Hernandez-Mejia, 406 F. App'x at 336. See United States v. Loera, No. CR 13-1876, 2015 WL 13662859, at *8-9 (D.N.M. May 19, 2015)(Browning, J.); United States v. Martinez, No. CR 14-2353, 2015 WL 2225867, at *8 (D.N.M. May 5, 2015)(Browning, J.); United States v. Ganadonegro, No. CR 09-0312, 2012 WL 400727, at *12-14 (D.N.M. Jan. 23, 2012)(Browning, J.); United States v. Nez, No. CR 11-1526, 2011 WL 5223019, at *7 (D.N.M. Sept. 19, 2011)(Browning, J.); United States v. Fuentes, No. CR 10-3093, 2011 WL 2533079, at *5 (D.N.M. June 14, 2011)(Browning, J.).

## ANALYSIS

The Defendants argue that a continuance is appropriate on two separate grounds: (i) as a sanction against the United States for violating rule 16 of the Federal Rules of Criminal Procedure, see Motion at 4-5; and (ii) under 18 U.S.C. § 3161(h)(7)(A)'s ends-of-justice exclusion, see Motion at 6-7. The Court may grant a continuance under 18 U.S.C. § 3161(h)(7)(A) when continuing the trial outweighs the public's interest and the defendant's interest in a speedy trial. It is a "rarely used" remedy, United States v. Larson, 627 F.3d at 1203, however, and "should not be granted cavalierly," United States v. Williams, 511 F.3d at 1049. In weighing its decision, a court must consider the factors outlined in 18 U.S.C. § 3161(h)(7)(B).

The Court first concludes that the failure to grant a continuance is not likely to make a "continuation of such proceeding impossible, or result in a miscarriage of justice" under 18 U.S.C.

§ 3161(h)(7)(B)(i).  The Defendants have already received the vast majority of discovery in this case.  The Court has also worked extensively with both sides to ensure that discovery materials are produced in a timely, fair way.  Further, because the United States has ongoing discovery obligations to make available new <u>Giglio</u> and Jencks Act, 18 U.S.C. 3500, material as it arises, receiving additional discovery in the days before and even during the scheduled six-week jury trial is inevitable.

The Court also concludes that, without a continuance, it is not "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section" under 18 U.S.C. § 3161(h)(7)(B)(ii).  This case was declared complex more than two years before the Defendants filed the Motion.  <u>See</u> Order Declaring Case Complex at 2, filed January 7, 2016 (Doc. 211).  This Order excluded all time between the "filing of the Motion to Declare the Case Complex until the beginning of the jury trial" for purposes of the Speedy Trial Act.  Order Declaring Case Complex at 2.  Shortly afterwards, the case was set for trial on October 4, 2016.  <u>See</u> Scheduling Order, filed January 22, 2016 (Doc. 250).  The case's Second Superseding Indictment was filed March 9, 2017.  <u>See</u> Second Superseding Indictment (Doc. 947).  On November 4, 2016, the Court rescheduled the trial's date to March 6, 2017.  <u>See</u> Second Scheduling Order at 1.  Soon after, the Court granted the parties' joint request to extend all deadlines by four months.  <u>See</u> Third Scheduling Order at 1, filed December 2, 2016 (Doc. 790).  The parties both agreed to continue the case and extend deadlines a fourth time on July 7, 2017.  <u>See</u> Fourth Scheduling Order at 1.  The Defendants have had, in some cases, years to prepare for trial.  While discovery in this case has been substantial, the multiple extensions that the Court has granted reflect the Court's recognition of the burden.

The third and fourth factors listed in 18 U.S.C. § 3161(h)(7)(B) are not applicable to this case; therefore, based on the analysis above, the Court concludes that it will not grant a continuance. Neither of the two relevant factors in 18 U.S.C. § 3161(h)(7)(B) suggest that a continuance is appropriate under these circumstances. Further, incarcerated witnesses will continue to make recorded telephone calls, and the United States will have the obligation to turn the recordings over to the Defendants. This discovery will not end in the foreseeable future, and the public's interest in trying the Defendants vastly outweighs any interest which the Defendants have in indefinitely reviewing incarcerated witnesses' telephone calls.

In determining appropriate sanctions under rule 16 of the Federal Rules of Criminal Procedure, the Court must weigh the reasons that the United States delayed in producing the materials, the extent of prejudice to the Defendants as a result of the delay, and the feasibility of curing the prejudice with a continuance. See United States v. Charley, 189 F.3d at 1262. The Court concludes that, given the United States' ongoing discovery obligations, its good faith in producing documents over the course of this litigation, the length of time the parties have had to prepare for trial, and the cumulative, non-material nature of the recently disclosed evidence, no sanction is needed. See United States v. Charley, 189 F.3d at 1262 ("Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed.").

Incarcerated Defendants continue to make calls as long as they are incarcerated -- before trial, during trial, and after trial. Cooperating witnesses do the same. There is no sound reason to continue the trial because of a problem that can never be fully avoided or solved. If the Court continues the trial, there will just be more calls to deal with. Moreover, a tremendous amount of work has been done to get ready for the scheduled six-week trial. The eight defense counsel and their partners have made extensive housing arrangements in a city where they do not live. The

United States has to go first. The United States has lots of witnesses ready to go. It has promised to not use any of this material in its case in chief. The Defendants and their staff will have weeks to review the material to see if there is anything there that they can use. The Court does not discount the possibility there may be something useful to the Defendants, but today, there is no indication there is any smoking gun or even anything of value in there. At best, it will probably have nothing more than impeachment material against cooperating witnesses, and there is already an abundance of impeachment material against the cooperators.

Finally, the Court has summoned approximately 200 jurors, the parties have read numerous special questionnaires, and a lot has been invested in getting these men a fair jury. See Morris v. Slappy, 461 U.S. 1, 11 (1983)("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."); United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990)(noting that "any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses who have been subpoenaed or who have voluntarily arranged their schedules to attend the trial. When, as here, a jury trial is involved, there is additional potential inconvenience to jurors and to the court."); United States v. DeLeon, 2019 WL 5587180, at *207. The Court gets the feeling that not even the Defendants want to continue this trial, for which so many have prepared, and that the Motion reflects one of many issues that the Defendants no doubt will file to create appellate issues if they are convicted.

**IT IS ORDERED** that the Defendants' Motion to Continue the January 29, 2018 Trial Setting, filed January 25, 2018 (Doc. 1707), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 U.S.C. § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Susan M. Porter
Albuquerque, New Mexico

--and--

Sarah M. Gorman
Albuquerque, New Mexico

      *Attorneys for Defendant Angel DeLeon*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

      *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russell Dean Clark
Las Cruces, New Mexico

    *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

    *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

    *Attorney for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck Law Firm
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

    *Attorneys for Defendant Allen Patterson*

Eduardo Solis
El Paso, Texas

--and--

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

*Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, Attorney at Law
Denver, Colorado

--and--

Noel Orquiz
Deming, New Mexico

*Attorneys for Defendant Javier Alonso*

Laura E. Udall
Cooper & Udall Law Offices
Tucson, Arizona

--and--

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

*Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

--and--

León Encinias
León Felipe Encinias, Attorney at Law
Albuquerque, New Mexico

     *Attorneys for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

     *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

     *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Steven Lorenzo Almanza
Las Cruces, New Mexico

--and--

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

--and--

Kimberly S. Bruselas-Benavidez
Albuquerque, New Mexico

   *Attorneys for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

   *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan Earnest LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli LLP
Albuquerque, New Mexico

   *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
CJM Law Firm
Las Cruces, New Mexico

   *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

   *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

 *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Law Office of Ryan J. Villa
Albuquerque, New Mexico

 *Attorneys for Defendant Rudy Perez*

Donavon A. Roberts
Albuquerque, New Mexico

--and--

Lisa Torraco
Albuquerque, New Mexico

 *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson
Albuquerque, New Mexico

 *Attorney for Defendant Santos Gonzalez*

Keith R. Romero
Keith R. Romero, Attorney and Counselor at Law
Albuquerque, New Mexico

   *Attorney for Paul Rivera*

Angela Arellanes
Albuquerque, New Mexico

   *Attorney for Defendant Shauna Gutierrez*

Jerry A. Walz
Alfred D. Creecy
Samuel Winder
Walz and Associates
Albuquerque, New Mexico

   *Attorneys for Defendant Brandy Rodriguez*